UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AHKIEZER BENDAN TIMMS,

    Plaintiff,

v.                                          Case No. 3:18cv2148-MCR-HTC

T. DEFRANCESCO, et al.,

    Defendants.
_____/

<u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on Defendants' Motions to Quash Summonses and to Dismiss Complaint. ECF Doc. 15. On October 5, 2018, Plaintiff Ahkiezer Timms, *pro se*, filed a complaint alleging Defendants T. DeFrancesco, Ann Coffin and Robert Thompson violated his constitutional rights by attempting to wrongfully enforce a child support order. ECF Doc. 1. On October 12, 2018, the Court ordered Plaintiff to serve the complaint on Defendants "in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure" and warned him "that he must effect service within 90 days from the date of filing the complaint, or this case may be dismissed." ECF Doc. 3.

Plaintiff subsequently filed Proof of Service forms indicating DeFrancesco and Coffin were each served with a summons on October 19, 2018. ECF Doc. 5. The Proof of Service form for Thompson indicated he could not be served and was

no longer at the address where service was attempted. ECF Doc. 4. After DeFrancesco and Coffin failed to respond to the complaint, Plaintiff moved for a default judgment. ECF Doc. 6. The Court denied Plaintiff's motion because it lacked a certificate of service indicating Plaintiff served it on Defendants. ECF Doc. 7.

On February 20, 2019, Defendants filed motions to quash summonses and to dismiss complaint and attached affidavits from DeFrancesco, Coffin and Thompson. ECF Doc. 15. Thompson's affidavit states he has not been served with either a summons or the complaint. ECF Doc. 15-1. DeFrancesco and Coffin's affidavits state they were served with a summons and a copy of the Court's October 12 Order, but not the complaint. ECF Docs. 15-2, 15-3.

On February 28, 2019, Plaintiff filed a response in opposition to Defendants' motions. ECF Doc. 18. Plaintiff's response, however, did not address the motions to quash or motions for dismissal based on lack of service. Plaintiff, for example, did not submit any evidence showing he served DeFrancesco, Coffin or Thompson with the complaint as required under the Federal Rules or provide good cause as to why he should be afforded additional time to serve the Defendants. Instead, Plaintiff's response addressed the merits of his claim and why a dismissal on the merits is not warranted.

In light of Plaintiff's status as a *pro se* litigant and Plaintiff's attempt to serve the Defendants on October 19, 2018, the Court entered an order on March 8, 2019, deferring ruling on Defendants' motions to quash summonses and to dismiss complaint, and allowing Plaintiff twenty-one (21) days to comply with the Court's October 12, 2018 order (ECF Doc. 3) and serve Defendants with a copy of the summons and complaint in accordance with the Federal Rules of Civil Procedure. The Court advised Plaintiff that after serving the Defendants, he should file Proof of Service forms with the clerk indicating the date both the summons and complaint were served on each Defendant. The Court also cautioned Plaintiff that his failure to serve the Defendants or file Proof of Service forms—and absent good cause shown for an additional extension of time for service—could result in a recommendation that Defendants' motions to quash summonses and dismiss the complaint be granted as to any unserved Defendant. Despite this warning, Plaintiff has not filed any documents indicating Defendants have been served with summonses and copies of the complaint, nor has Plaintiff asserted good cause exists for an extension of time to effect service.

Instead, Plaintiff has filed a document titled "Notice of Motion Plaintiff Demands for Default Judgment Failure to Respond and Dismissal under Federal Rule 12(B)(6) Failure to State a Claim Default Judgment Defendant's Lacks Standing." ECF Doc. 26. The filing raises meritless arguments regarding the

Court's jurisdiction and the Defendants' standing. Importantly, Plaintiff again failed to address the evidence Defendants submitted showing they have not been served with the complaint as required by Rule 4.

## DISCUSSION

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity." *Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) (citing *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981)).

The Federal Rules of Civil Procedure mandate that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Here, over **175** days have passed since Plaintiff filed the complaint. Yet there is no indication in the record that any Defendant has been served with a copy of the complaint. Neither Plaintiff's *pro se* status nor Defendants' knowledge of this case excuse Plaintiff's failure to serve the complaint in accordance with Rule 4. *See Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, 718 F. App'x 786, 789-90 (11th Cir. 2017) (noting courts "liberally construe the filings of *pro se* litigants" but "still require them to comply with procedural rules, like the rules of service in Rule 4") (citation omitted); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service.") (citation omitted).

Additionally, Plaintiff has not shown good cause for his failure to serve the complaint on the Defendants, despite being given opportunities to do so. His response to Defendants' motions (ECF Doc. 18) and his "Notice of Motion" (ECF Doc. 26) do not address Defendants' argument regarding insufficient service of process or this Court's prior orders regarding service. Plaintiff has failed to: (1) comply with the Court's March 8, 2019, Order, which *sua sponte* gave him twenty-one (21) additional days to serve Defendants with a summons and copy of the complaint or (2) move for additional time in which to effect service.

Likewise, this Court finds no other circumstances exist which would warrant giving Plaintiff additional time beyond the over-100 days he already had to effect

Case No. 3:18cv2148-MCR-HTC

service.  *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) ("Even if a district court finds that a plaintiff failed to show good cause, 'the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'") (quoting *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007)).  The statute of limitations would not bar Plaintiff's constitutional claims, as he complains about events that took place from 2016 to 2018.  *See Ellison v. Lester*, 275 F. App'x 900, 901-902 (11th Cir. 2008) ("[The Eleventh Circuit has] held that the four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida.") (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)).  Also, nothing in the record indicates Defendants are evading service or concealing a defect in service. *See Lepone-Dempsey*, 476 F.3d at 1282 (noting the Advisory Committee Notes to Rule 4(m) provide that an extension "may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service").  Because Plaintiff failed to serve a summons and the complaint on the Defendants within the time required by Rule 4(m), or as extended by the Court, and no circumstances indicate an extension is warranted, Defendants' motions should be granted and this case should be dismissed without prejudice.

Case No. 3:18cv2148-MCR-HTC

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiff's "Notice of Motion Plaintiff Demands for Default Judgment Failure to Respond and Dismissal under Federal Rule 12(B)(6) Failure to State a Claim Default Judgment Defendant's Lacks Standing" (ECF Doc. 26) be DENIED.

2. That Defendants' Motions to Quash Summonses and to Dismiss Complaint (ECF Doc. 15) be GRANTED.

3. That Plaintiff's claims against Defendants be DISMISSED WITHOUT PREJUDICE.

4. That the clerk be directed to close the file.

At Pensacola, Florida, this 4th day of April, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.