UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AHKIEZER BENDAN TIMMS,

    Plaintiff,

v.                                               Case No. 3:18cv2148-MCR-HTC

T. DEFRANCESCO, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Defendants' Second Motion to Quash Summonses and to Dismiss Complaint. ECF Doc. 36. Plaintiff has not filed a response in opposition. Considering Defendants' motion, the procedural history of this case and Plaintiff's repeated failure to serve the Defendants as required by Fed. R. Civ. P. 4, the undersigned recommends that Defendants' motion be GRANTED and Plaintiff's claims against Defendants be DISMISSED WITHOUT PREJUDICE.

I.    Background

On October 5, 2018, Plaintiff Ahkiezer Timms, *pro se*, filed a complaint alleging Defendants T. DeFrancesco, Ann Coffin and Robert Thompson violated his constitutional rights by attempting to wrongfully enforce a child support order. ECF Doc. 1. On October 12, 2018, the Court ordered Plaintiff to serve the complaint on Defendants "in the manner prescribed by Rule 4 of the Federal Rules of Civil

Procedure" and warned him "that he must effect service within 90 days from the date of filing the complaint, or this case may be dismissed." ECF Doc. 3.

Plaintiff subsequently filed Proof of Service forms indicating DeFrancesco and Coffin were each served with a summons on October 19, 2018. ECF Doc. 5. The Proof of Service form for Thompson indicated he could not be served and was no longer at the address where service was attempted. ECF Doc. 4. After DeFrancesco and Coffin failed to respond to the complaint, Plaintiff moved for a default judgment. ECF Doc. 6. The Court denied Plaintiff's motion because it lacked a certificate of service indicating Plaintiff served it on Defendants. ECF Doc. 7.

On February 20, 2019, Defendants filed their first Motions to Quash Summonses and to Dismiss Complaint and attached affidavits from DeFrancesco, Coffin and Thompson. ECF Doc. 15. Thompson's affidavit stated he had not been served with either a summons or the complaint. ECF Doc. 15-1. DeFrancesco and Coffin's affidavits stated they were served with a summons and a copy of the Court's October 12 Order, but not the complaint. ECF Docs. 15-2, 15-3.

On February 28, 2019, Plaintiff filed a response in opposition to Defendants' motions. ECF Doc. 18. Plaintiff's response, however, did not address the argument for dismissal based on lack of service. Plaintiff, for example, did not submit any evidence showing he served DeFrancesco, Coffin or Thompson with the complaint

as required under the Federal Rules or provide good cause as to why he should be afforded additional time to serve the Defendants. Instead, Plaintiff's response addressed the merits of his claim and why a dismissal on the merits was not warranted.

In light of Plaintiff's status as a *pro se* litigant and Plaintiff's attempt to serve the Defendants on October 19, 2018, the Court entered an order on March 8, 2019, deferring ruling on Defendants' motions and allowing Plaintiff twenty-one (21) days to comply with the Court's October 12, 2018 Order (ECF Doc. 3) and serve Defendants with a copy of the summons and complaint in accordance with the Federal Rules of Civil Procedure. ECF Doc. 20. The Court advised Plaintiff that after serving the Defendants, he should file Proof of Service forms with the clerk indicating the date both the summons and complaint were served on each Defendant. The Court also cautioned Plaintiff that his failure to serve the Defendants or file Proof of Service forms—and absent good cause shown for an additional extension of time for service—could result in a recommendation that Defendants' Motions to Quash Summonses and to Dismiss the Complaint be granted as to any unserved Defendant. Despite this warning, Plaintiff did not file any documents indicating Defendants had been served with summonses and copies of the complaint or provide good cause for an extension of time to effect service.

Instead, Plaintiff filed a document titled "Notice of Motion Plaintiff Demands for Default Judgment Failure to Respond and Dismissal under Federal Rule 12(B)(6) Failure to State a Claim Default Judgment Defendant's Lacks Standing," which raised meritless arguments regarding the Court's jurisdiction and the Defendants' standing. ECF Doc. 26. Plaintiff's notice failed to address the evidence Defendants submitted showing they had not been served with the complaint as required by Rule 4.

Thus, on April 4, 2019, the undersigned issued a report and recommendation, recommending Defendants' first Motions to Quash Summonses and to Dismiss Complaint (ECF Doc. 15) be granted and Plaintiff's claims against Defendants be dismissed without prejudice. ECF Doc. 27. Plaintiff filed objections (ECF Doc. 28) to the report and recommendation as well as a Motion for Leave to Refile and Correct Service of Process (ECF Doc. 29). In his objection, Plaintiff objected to the Court's order that new summonses be reissued for Defendants. However, in Plaintiff's motion for leave, he sought "leave to refile the complaint due to the unperfected service of process" and an additional fourteen (14) days to correct the prior servicing errors and effectuate service on the Defendants.

On July 19, 2019, the District Judge entered an order: (1) finding Plaintiff's objections lacked merit; (2) adopting the reasoning set forth in the report but declining to adopt the recommendation for dismissal; (3) denying without prejudice

Defendants' first Motions to Quash Summonses and to Dismiss Complaint; and (4) granting Plaintiff's Motion for Leave to Refile and Correct Service of Process to allow him a final opportunity to properly serve the Defendants within fourteen (14) days. ECF Doc. 32 ("Because Plaintiff is pro se and out of an abundance of caution, the Court will grant Plaintiff's motion and permit him one final opportunity to comply.").

On July 29, 2019, Plaintiff filed Proof of Service forms indicating a summons for each Defendant had been served on Charles Schreiber, Jr.—Defendants' former counsel in this case—on July 25, 2019. ECF Doc. 33. Plaintiff also filed an "Affidavit of Status" which included a "Certificate of Service." ECF Doc. 34. The Certificate of Service indicates a summons and copy of the complaint for each Defendant was sent via certified mail to Schreiber. ECF Doc. 34-1 at 6; ECF Docs. 36-1, 36-2, 36-3.

On August 9, 2019, Defendants filed their Second Motion to Quash Summonses and to Dismiss Complaint. ECF Doc. 36. Defendants argue the case should be dismissed because: (1) Schreiber is not authorized to accept service of process on behalf of the Defendants; and (2) Plaintiff mailed the summonses and copies of the complaint to Schreiber rather than personally serving Defendants.

## II. Discussion

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity." *Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) (citing *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981)).

The Federal Rules of Civil Procedure mandate that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Under Rule 4(e), an individual may be served by: "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the

following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Plaintiff's most recent attempt to serve the Defendants is deficient and improper under Rule 4. First, Plaintiff attempted service on an unauthorized third party—namely Defendants' former counsel, Schreiber. Defendants submitted an affidavit from Schreiber which states Schreiber was not authorized to accept service of process on Defendants' behalf. ECF Doc. 36-4. Schreiber's prior representation of the Defendants in this action does not implicitly authorize him to accept service of process. *See United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service. . . . Even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service. . . . Instead, the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service.") (citations omitted); *Durbin Paper Stock Co. v. Hossain*, 97 F.R.D. 639, 639 (S.D. Fla. 1982) ("A person's attorney is not authorized to receive process simply because of his status as attorney. Service of

process is not effectual on an attorney solely by reason of his capacity as an attorney. The party must have appointed his attorney as his agent for service of process before personal jurisdiction is obtained over the party by service on his attorney.") (citations omitted). Based on the foregoing, Plaintiff has failed to serve the Defendants in the manner prescribed by Fed. R. Civ. P. 4.

Second, even if Schreiber had authority to accept service for these individual Defendants (which he did not), service via certified mail is improper under federal and state law unless the defendant waives personal service under Fed. R. Civ. P. 4(d) or Fla. R. Civ. P. 1070(i).[1] *See Lawrence v. Bank of Am., N.A.*, 700 F. App'x 980, 981 (11th Cir. 2017) (service by certified mail not permitted by Fed. R. Civ. P. 4); *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) ("The Florida Rules of Civil Procedure provide for service of process by certified mail, but only if the defendant agrees to waive personal service. . . . Florida courts have held that service by certified mail, without an accompanying waiver, is not sufficient under Rule 1.070.") (citations omitted); *Emerald Coast Finest Produce Co., Inc. v. QSR Group Three, LLC*, No. 3:07cv132-RV-MD, 2007 WL 1526650, at *1 (N.D. Fla. May 24, 2007) ("[S]ervice by certified mail is generally insufficient under Florida law. . . . While Rule 1.070(i) of the Florida Rules of Civil Procedure does provide

---

[1] There is no evidence that Plaintiff asked, or Defendants agreed, to waive personal service and accept the complaint by mail under Fla. R. Civ. P. 1.070(i) or Fed. R. Civ. P. 4(d).

Case No. 3:18cv2148-MCR-HTC

that a defendant '*may*' accept service of the complaint by mail, that is only if the defendant consents and waives personal service.") (citations omitted).

Over **320** days have passed since Plaintiff filed his complaint and Defendants remain unserved. Plaintiff did not file a response to Defendants' Second Motion to Quash Summonses and to Dismiss Complaint. Thus, he has not shown good cause for his failure to properly serve the complaint on the Defendants. Moreover, the undersigned does not find that good cause exists here, particularly given the multiple opportunities and extensions this Court has provided to Plaintiff to comply with Rule 4. Specifically, Plaintiff has failed to comply: (1) with the Court's October 12, 2018 Order, which advised him to serve Defendants in the manner prescribed by Fed. R. Civ. P. 4; (2) with the Court's March 8, 2019 Order, which *sua sponte* gave him twenty-one (21) additional days to serve Defendants with a summons and copy of the complaint; and (3) with the Court's July 19, 2019 Order, which denied Defendants' first Motions to Quash Summonses and to Dismiss Complaint and gave Plaintiff fourteen (14) additional days to properly serve the Defendants. Neither Plaintiff's *pro se* status nor Defendants' knowledge of this case excuse Plaintiff's failure to serve the complaint in accordance with Rule 4, particularly since Plaintiff has been advised by the Court on several occasions that he must comply with Rule 4 and has been given multiple opportunities and extensions to comply with the Rule. *See Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, 718 F. App'x 786, 789-90

(11th Cir. 2017) (noting courts "liberally construe the filings of *pro se* litigants" but "still require them to comply with procedural rules, like the rules of service in Rule 4") (citation omitted); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service.") (citation omitted).

Indeed, the undersigned finds no other circumstances exist which warrant giving Plaintiff additional time beyond the over-300 days he already had to effect service. *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) ("Even if a district court finds that a plaintiff failed to show good cause, 'the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'") (quoting *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007)).  The statute of limitations would not bar Plaintiff's constitutional claims, as he complains about events that took place from 2016 to 2018. *See Ellison v. Lester*, 275 F. App'x 900, 901-902 (11th Cir. 2008) ("[The Eleventh Circuit has] held that the four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida.") (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)).  Also, nothing in the record indicates Defendants are evading service or concealing a defect in service. *See Lepone-Dempsey*, 476 F.3d at 1282 (noting the Advisory Committee Notes to Rule 4(m) provide that an extension "may be justified, for example, if the applicable

statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service"). Because Plaintiff failed to properly serve a summons and the complaint on the Defendants within the time required by Rule 4(m), or as extended by the Court on multiple occasions, and no circumstances indicate an extension is warranted, the Defendants' Second Motion to Quash Summonses and to Dismiss Complaint should be granted, and this case should be dismissed without prejudice.

Accordingly, it is RECOMMENDED:

1. That Defendants' Second Motion to Quash Summonses and to Dismiss Complaint (ECF Doc. 36) be GRANTED.

2. That Plaintiff's claims against the Defendants be DISMISSED WITHOUT PREJUDICE.

3. That the clerk close the file.

At Pensacola, Florida, this 26th day of August, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.